IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD L. SANDERS,

                         Petitioner,                    OPINION AND ORDER

        v.                                              09-cv-472-bbc

JOHN PAQUIN, Warden,
Prairie du Chien Correctional Institution,

                         Respondent.

---

        Reginald Sanders, an inmate at the Prairie du Chien Correctional Institution, has filed

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the five

dollar filing fee.  The petition is before the court for preliminary review pursuant to Rule 4

of the Rules Governing Section 2254 Cases.

        Petitioner was convicted in the Circuit Court for Dane County on March 8, 2002 on

16 counts of failure to pay child support under Wis. Stat. § 948.22(2).  The circuit court

withheld sentence and placed petitioner on probation.  On November 7, 2007, petitioner's

probation was revoked.  Petitioner contends that 1) he was denied his "5th & 14th

Amendment Rights in regards to the 'Failure to Support Conviction'" because the circuit

court failed to issue a receipt or record his payment in full of his outstanding child support

debt at a 2001 pre-trial hearing; 2) the circuit court violated a 2002 interstate compact

agreement in issuing a warrant in 2003; 3) the attorneys who represented him in 2002 and on revocation in 2007 were ineffective for failing to raise the claims set out above and other issues in the circuit court; and 4) Dane County authorities violated his rights to procedural due process in conjunction with the interstate compact agreement relating to his extended supervision.  Dkt. ##1-2.

Because I find that petitioner has either filed his claims outside the one-year statute of limitations period for habeas actions or procedurally defaulted his claims, I am dismissing the petition.

From the petition and court records available electronically, I find the following facts.

FACTS

A review of records available electronically confirms that petitioner appealed his 2002 conviction through his attorney, Patrick Stangl, who filed a no merit report.  Wisconsin Supreme Court and Court of Appeals Case Access, http://wscca.wicourts.gov, State v. Sanders, No. 2002AP003226–CRNM (visited Aug. 3, 2009).  The Wisconsin Court of Appeals affirmed the judgment of conviction on August 23, 2003.  Id.  Petitioner did not file a petition for review with the Wisconsin Supreme Court.  Id.; dkt. #1.

At a April 12, 2007 probation review hearing, the Department of Corrections indicated that it would be proceeding with revocation.  From April 24, 2007 to July 17,

2

2007, Diana Van Rybroek represented petitioner.  On July 27, 2007, Yolanda Lehner was appointed to represent petitioner.  The Department of Corrections issued a revocation order and warrant on October 22, 2007.  The circuit court held a sentencing hearing on November 7, 2007, following revocation.  Petitioner filed a notice of intent to pursue post conviction relief on November 12, 2007.  Wisconsin Circuit Court Access, http://wscca.wicourts.gov, State v. Sanders, No. 2000CF001088 (visited on August 3, 2009).

On February 8, 2008, Richard Sheil filed a notice of appeal of the November 7, 2007 judgment on petitioner's behalf.  Wisconsin Supreme Court and Court of Appeals Case Access, http://wscca.wicourts.gov, State v. Sanders, No. 2008AP0361 (visited Aug. 3, 2009). The appellate court denied that appeal on April 28, 2009, finding that petitioner should have challenged the revocation by filing a writ of certiorari.  Id.; dkt. #1, pt. #3.  Petitioner did not file a petition for review with the Wisconsin Supreme Court.  Id.

OPINION

A.  Challenges to Conviction

Although the subject of petitioner's claims is not entirely clear, it appears that in at least some of them, he is challenging the validity of his underlying convictions for failure to pay child support.  Unfortunately for petitioner, it is far too late for him to bring these claims.  Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner may bring a habeas petition

3

within one year from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (Petitioner does not allege any facts in the petition that would support a finding that he is entitled to an alternate start date for his limitations period under either § 2244(d)(1)(C) (date on which constitutional right asserted first recognized by Supreme Court and retroactively applied to cases on collateral review) or § 2244(d)(1)(D) (date on which factual predicate of claims could have been discovered through exercise of due diligence).)

The state court of appeals affirmed petitioner's conviction on August 23, 2003. Petitioner's direct appeal expired and his conviction became final 30 days later, on September 22, 2003, which was the last day on which he could have petitioned the Wisconsin Supreme Court for discretionary review. Wis. Stat. § 809.62 (party has 30 days to petition supreme court to review adverse decision of court of appeals). The one-year limitations period for filing a federal habeas petition began on that date and expired one year later, on September 22, 2004. Although the proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), petitioner did not file any post conviction motion until 2008, well after his limitations period had expired. In order to toll the limitations period, petitioner would had to have filed a state court motion before his limitations period expired. Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000).

4

Petitioner's subsequent probation revocation and sentencing in 2007 did not "reopen" his underlying conviction to attack.  When a sentence is withheld and the defendant is placed on probation, he must raise any challenges relating to that conviction, including to the plea, at that time.  State v. Tobey, 200 Wis. 2d 781, 784, 584 N.W.2d 95 (Ct. App. 1996); State v. Drake, 184 Wis. 2d 396, 399, 515 N.W.2d 923 (Ct. App. 1994).  A petitioner who files a post conviction motion for relief after sentence has been imposed after probation revocation may raise only issues related to that sentence.  Tobey, 200 Wis. 2d at 784, 548 N.W.2d 95.  Thus, insofar as petitioner suggests that the lawyer who represented him during post-revocation proceedings was ineffective for failing to make any challenge to his underlying convictions, that claim has no merit.

Accordingly, petitioner's challenges to his conviction are untimely unless he can establish circumstances showing that he can benefit from equitable tolling.  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (describing doctrine of equitable tolling); § 2244(d)(1)(B) (providing that limitations period may be tolled if state impeded petitioner from filing petition sooner).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable

5

tolling granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing").

Petitioner blames his late filing on ineffective assistance of counsel and mentions that his indigency, lack of knowledge of his legal rights and feelings of disfranchisement prevented him from acting on his own behalf.  None of these reasons is sufficient to allow petitioner to bring his untimely claims under the doctrine of equitable tolling.  Both the Supreme Court and the Court of Appeals for the Seventh Circuit have made clear that a lawyer's negligence is not an extraordinary circumstance warranting equitable tolling.  Lawrence, 549 U.S. at 336-37; Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003) (citing Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001)) ("clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures.").  A client harmed by his lawyer's mistakes may seek relief by filing a legal malpractice suit or an ineffective assistance of counsel claim, but forcing the opposing party to defend against a stale claim is not a proper remedy.  Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); United States v. 7108 West Grand Avenue, Chicago, Ill., 15 F.3d 632, 634 (7th Cir. 1994).

Although it is possible that petitioner did not understand his legal rights, his ignorance of the law, lack of resources and other alleged limitations are not extraordinary circumstances sufficient to warrant equitable tolling.  Modrowski, 322 F.3d at 967 (citing

6

Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcript does not warrant equitable tolling); Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (no equitable tolling based on youth, limited education and lack of legal knowledge); Marcello, 212 F.3d at 1010 (equitable tolling not warranted by unclear law and death of attorney's father).   Petitioner cites falsification of his probation reports and lack of compliance with the interstate compact agreement.  However, those allegations relate to his probation revocation and not to the appeal of his underlying conviction.

In sum, because petitioner has failed to show that any circumstance exists that would justify application of one of the statutorily enumerated grounds for tolling or the doctrine of equitable tolling, the claims attacking his conviction must be dismissed as untimely. (Because petitioner has addressed the timeliness issue in his submissions, it is appropriate to enter an order and judgment to this effect without soliciting a response from petitioner. Day v. McDonough, 547 U.S. 198, 209-10 (2006) (district courts permitted, but not obliged, to consider sua sponte timeliness of state prisoner's habeas petition as long as parties have opportunity to present positions).)

B.  <u>Challenges to Probation Revocation</u>

To the extent that petitioner is seeking habeas relief on the ground that either his probation revocation or his sentence after revocation is invalid, he has procedurally defaulted those claims.  Before he is entitled to a federal ruling on his claims, a petitioner must (1) exhaust all remedies available in the state courts; and (2) fairly present any federal claims in state court first.  <u>Lemons v. O'Sullivan</u>, 54 F.3d 357 (7th Cir. 1995).  A petitioner has exhausted his state court remedies where he has "no further available means for pursuing a review of one's conviction in state court." <u>Wallace v. Duckworth</u>, 778 F.2d 1215, 1219 (7th Cir. 1985).  To comply with this requirement, the petitioner must assert his claims through one complete round of state court review.  <u>Id.</u>; <u>Lewis v. Sternes</u>, 390 F.3d 1019, 1025-26 (7th Cir. 2004).  For a Wisconsin prisoner, this means that he must assert each of his claims in a petition for review to the Wisconsin Supreme Court.  <u>Moore v. Casperson</u>, 345 F.3d 474, 485-86 (7th Cir. 2003).

A petitioner also may procedurally default a federal claim by failing to meet a *state* procedural requirement.  <u>Moore v. Bryant</u>, 295 F.3d 771, 774 (7th Cir. 2002).  "A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." <u>Id.</u> (citations omitted).  In assessing whether a state court ruling rests upon an "independent and adequate" determination of state law, the

8

federal court must refer to the decision of the last state court to have ruled on the merits.
Page v. Frank, 343 F.3d 901, 905 (7th Cir. 2003).  A state ground is deemed "independent"
for this purpose "only if the state court actually relied on a state rule sufficient to justify its
decision."  Prihoda v. McCaughtry, 910 F.2d 1379, 1382 (7th Cir. 1990).  A state ground
is considered "adequate" only if the state court applies the rule "in a consistent and
principled way."  Id. at 1383.  The adequacy of the state ground is a question of federal law.
Lee v. Kemna, 534 U.S. 362, 375 (2002).

Petitioner runs afoul of the procedural default doctrine in two ways.  First, he admits
that he never appealed the affirmance of his probation revocation to the state supreme court.
Second, the state court of appeals dismissed his appeal because he failed to file a writ of
certiorari.  It is a long-standing rule in Wisconsin that a state inmate has 45 days within
which to challenge an administrative decision to revoke his probation or parole by filing a
petition for a writ of certiorari in the court of conviction.  Wis. Stat. §§ 301.048(3)(d) and
893.735; Bartus v. Wisconsin Department of Health and Social Services, 176 Wis. 2d 1063,
1079, 501 N.W.2d 419, 427 (1993); State ex rel. Johnson v. Cady, 50 Wis. 2d 540, 550,
185 N.W.2d 306, 311 (1971); State ex rel. Reddin v. Galster, 215 Wis. 2d 179, 183, 572
N.W.2d 505, 507 (Ct. App. 1997).  Because petitioner did not file a petition for a writ of
certiorari in the circuit court on or before December 6, 2007 and can no longer file such a

9

petition, he has procedurally defaulted his claims to the extent that they relate to the revocation decision.

When a petitioner has procedurally defaulted his claim, he may obtain federal habeas relief only upon a showing of cause and prejudice for the default or upon a showing that a failure to grant him relief would work a fundamental miscarriage of justice.  <u>Steward v. Gilmore</u>, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977)).  Cause for a default ordinarily is established by showing that some external obstacle prevented the petitioner from presenting his claim to the state courts.  <u>Lewis</u>, 390 F.3d at 1026.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1996).

Petitioner blames his improper state filings on the ineffective performance of his appellate lawyer.  Here, however, petitioner runs into another obstacle.  Unless he can show that he has a constitutional right to assistance of counsel in the state proceeding, he cannot establish that ineffective performance constitutes "cause" to excuse a procedural default.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991).  There is no constitutional right to counsel in second-tier discretionary review to the state's highest court.  <u>Ross v. Moffitt</u>, 417 U.S. 600, 610 (1971).  Accordingly, the alleged ineffectiveness of petitioner's counsel in connection with the petition for discretionary review neither establishes "cause" (as the law

defines that term) for his default nor stands as an independent constitutional claim. Similarly, petitioner had no right to counsel to file a timely petition for certiorari review of an administrative decision revoking his probation. State ex rel. Griffin v. Smith, 270 Wis. 2d 235, 677 N.W. 2d 259 (2004) (Wisconsin parolees have no right under either federal constitution or state law to have lawyer file timely petition for certiorari review of revocation decision). Accord Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (due process clause does not require states to provide counsel to all probationers facing probation revocation). Accordingly, petitioner's lawyer's failure to file a certiorari petition can not constitute cause.

Although petitioner does not specifically cite the miscarriage of justice exception, he does allege that the state's violation of his due process rights led to the revocation of his probation. It is hard to imagine that petitioner could avail himself of this exception because he is challenging a revocation decision and not his actual conviction. Although the Court of Appeals for the Seventh Circuit has not ruled on this issue directly, in Decliner v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002), it refused to apply the miscarriage of justice standard in a case in which a petitioner was challenging his sentence and not his underlying conviction. The court of appeals later reiterated this holding in an unpublished opinion that has no precedential value. Gravitt v. Veach, No. 06-3753, 2007 WL 1175735, at *2 (7th Cir. April 18, 2007) (petitioner could not satisfy narrow miscarriage of justice exception because challenge was to sentence and not conviction).

11

Petitioner's timely claims relate to the way he was accused of violating his probation and the procedures used to revoke his probation.  "The fundamental-miscarriage-of-justice exception applies only in the 'extremely rare' and 'extraordinary case' where the petitioner is actually innocent of the crime for which he is imprisoned."  Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003) (quoting Schlup v. Delo, 513 U.S. 298 (1995)).  Petitioner is imprisoned on the underlying counts of failure to support.  The revocation of his probation affected only the manner in which he served his sentence.  Roberts v. Jenkins, 2009 WL 142325, *3 (E.D. Wis. Jan. 20, 2009) (not applying exception where petitioner did not challenge conviction and sentence on allegation of innocence but only revocation of parole and its effect on maximum discharge date).  An error that increases the punishment (or in this case, the degree of punishment) for a non-capital offense does not constitute a fundamental miscarriage of justice.   Hope v. United States, 108 F.3d 119, 120 (7th Cir. 1997) (discussing standard in successive petition context where petitioner challenging sentence); Proctor v. Wright, 2007 WL 433099, *6 (N.D. Ill. Jan. 31, 2007).

In the interests of completeness, I also note that many of petitioner's allegations relate to whether the state of Wisconsin properly followed procedures outlined in the interstate compact agreement it reached with Illinois regarding petitioner's probation or extended supervision.  Even if such claims were properly presented to the state courts, they are not

cognizable on federal habeas review.   <u>Dellinger</u>, 301 F.3d at 764 (federal habeas relief unavailable to remedy errors of state law).

Because petitioner either 1) has failed to raise his claims in a timely manner and cannot avail himself of either statutory or equitable tolling or 2) has procedurally defaulted his claims and cannot show either cause for that default or that a miscarriage of justice would occur if his claims are not heard, the petition must be dismissed.

ORDER

IT IS ORDERED that the petition of Reginald Sanders for a writ of habeas corpus is DISMISSED WITH PREJUDICE on the grounds of untimeliness and procedural default.

Entered this 7th day of August, 2009.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

13